IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN R. LILLEY, JR.,** )<br>)<br>**Plaintiff** )<br>)<br>v. )<br>)<br>**ATTORNEY GENERAL OF** )<br>**PENNSYLVANIA,** )<br>**Defendant** )<br>) | **Case No. 1:22-cv-13**<br><br>**SUSAN PARADISE BAXTER**<br>**UNITED STATES DISTRICT JUDGE** |

**MEMORANDUM OPINION**

**I. Plaintiff's Motion for Leave to Proceed in forma pauperis**

Plaintiff John Lilley filed a motion seeking leave to proceed in forma pauperis [ECF No. 1] along with a proposed original complaint on January 11, 2022. Based on Plaintiff's averments in the motion, it appears that he is without sufficient funds to pay the filing and administrative fees associated with this case. Accordingly, Plaintiff's motion for leave to proceed in forma pauperis will be granted.

**II. Standard of Review**

Because Plaintiff is seeking redress "from a governmental entity or officer or employee of a governmental entity," his pleadings are subject to the screening provisions in 28 U.S.C. § 1915A. In pertinent part, § 1915A provides that a court "shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under

1

Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 587-89 (W.D. Pa. 2008).

### III. Discussion and Review of Plaintiff's Filings

Plaintiff, a pro se litigant, filed this action on January 11, 2022.[1] To the extent any allegations were provided, they were largely incoherent. Plaintiff's statement of claim reads as follows:

> During a hearing with Paul Urbaniak stenography it seemed he was concerned to tell me due to my schizophrenia hearing voices disease I may not know I break the law too much and get arrested. This arrest gave me court leave before Trial. April 9th 2018. Attorney General No Mistrial Civil Rights.

ECF No. 1-1, page 2. As relief, Plaintiff seeks fantastical sum of money.

Because he is seeking monetary damages for an alleged violation of his constitutional rights, Plaintiff's claims arise pursuant to 42 U.S.C. § 1983. To state such a claim, Plaintiff must allege: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011) (internal citation omitted).

This case fails to state a claim upon which relief can be granted. Plaintiff has failed to identify a viable Defendant. Here, the only Defendant identified by Plaintiff is the Attorney

---

[1] Plaintiff is a frequent filer in this Court having filed more than twenty cases in the last seven months. All of the filings in Plaintiff's other cases suffer from deficiencies similar to those detailed herein. Mr. Lilley is the subject of a Vexatious Litigant Order in Civil Action Number 1:22-cv-1. This case was filed prior to the entry of the Vexatious Litigant Order.

General of Pennsylvania[2]. *See* ECF No. 1-1, page 1. Under no circumstances is this a viable defendant under the law.

The Eleventh Amendment of the United States Constitution provides that states are immune from suit by private parties in federal courts.[3] *Lavia v. Pennsylvania Department of Corrections*, 224 F.3d 190, 195 (3d Cir. 2000). "Suits against a state agency or a state department thus are considered to be suits against a state which administrative remedies barred by the Eleventh Amendment." *Addlespurger v. Corbett*, 2011 WL 3418975, at *5 (W.D. Pa. Aug. 1, 2011).

Generally, if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103 (32d Cir. 2002). However, the court "need not provide endless opportunities for amendment, especially where such opportunity already has been enjoyed." *Baker v. Moon Area Sch. Dist.,* 2018 WL 40571719, at *8 (W.D. Pa. Aug. 27, 2018) *quoting Taylor v. Pilewski*, 2008 WL 4861446, at *3 (W.D. Pa. Nov. 7, 2008). Because the undersigned concludes, as a matter of law, that Plaintiff cannot establish a constitutional or statutory violation based on the facts alleged in his proposed complaint, leave to amend is futile.

An appropriate Order follows this Memorandum Opinion.

---

[2] Additionally, Plaintiff does not make any factual allegation as to the personal involvement of the Attorney General. This omission provides an alternative basis for dismissal. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

[3] Besides being protected by the Eleventh Amendment, a state is not a person and cannot be sued under § 1983. *See, e.g., Patterson v. Pa. Liquor Control Bd.*, 915 F.3d 945, 956 n.2 (3d Cir. 2019) ("[A] State, including an entity that is an arm of the state, is not a 'person' under 42 U.S.C. § 1983, and therefore cannot be sued for damages under the statute.").